## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 17-13032 |
| WHOLE SAILING LLC | CHAPTER 11 |
| DEBTOR<br>DEBTOR-IN-POSSESSION | JUDGE JESSICA PRICE SMITH |

### DEBTOR'S MOTION FOR AN ORDER TO ALLOW A DOCUMENT EXAMINER TO EXAMINE THE ORIGINAL DOCUMENTS IN THE POSSESSION OF BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK N.A. AS TRUSTEE FOR RAMP 2003RS5

Now comes, Whole Sailing LLC, Debtor herein by and through its attorney, Dennis J. Kaselak, and, moves that this Court for an Order to Allow a document examiner to examine the original documents in the possession of Bank of New York Mellon Trust Company, National Association fka the Bank of New York Trust Company, N.A. as Successor to JPMorgan Chase Bank N.A. as Trustee for Ramp 2003RS5 pursuant to Bankruptcy Rules 7026, 7034 and 9014 and states the following in support of the request:

1.      Debtor filed a Chapter 11 petition on May 24, 2017.

2.      On January 17, 2013, Debtor owned real property commonly known as 13880 Edgewater Drive, Lakewood, Ohio 44107. (hereinafter referred to as " Subject Property").

3.      At the time of the filing, the Subject Property was subject to a first mortgage asserted by Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JP Morgan Chase Bank N.A. as Trustee for RAMP 2003RS5 ("Mellon Bank") in the amount of $1,479,074.00.

4.      By letter Debtor's counsel requested the opportunity to view the original loan documents including the promissory note and mortgage. Mellon Bank provided the opportunity to

review the note and mortgage on October 5, 2017; however, Debtor's representative and counsel were unable to conclusively determine if the promissory note was the original document executed by the original borrower as well as the allonges attached to it.

5. The Debtor requests within the scope of Federal Bankruptcy Rule 7026(b) the opportunity to permit the Debtor or its representative to inspect, test, or sample the original promissory note, allonges and mortgage in Mellon Bank's possession.

6. The Debtor asserts that Mellon Bank lacks standing necessary for the requested relief in this matter. Standing is necessary to invoke the jurisdiction of the court and turns on whether Mellon Bank has, in an individual or representative capacity, some real interest in the subject matter of the action. Debtor disputes that Mellon Bank has standing to assert the requested relief because it believes that Mellon Bank is not the holder of the original note and mortgage, and is not a party entitled to enforce the instrument. Since Mellon Bank is not the original mortgagee, the chain of assignments and transfers and the possession of the original note is essential to determine standing. The dispositive issue here is whether Mellon Bank is " a person entitled to enforce" the note.

7. For negotiable notes, Ohio Revised Code Chapter 1303 *Commercial Paper* governs how notes may be transferred, the effect of the transfer of ownership of the notes on the ownership of the mortgages securing those notes, and the right of the transferee.

8. ORC 1303.31 UCC 3-301 provides only three ways in which a person may qualify as a person entitled to enforce the note, two of which require the person to be in possession of the original note (which may include possession by a third party as an agent. (See UCC §§3-1-103(b), UCC § 3-402.) "Delivery" of a negotiable instrument is defined as "a voluntary transfer of possession." UCC 1-201(b)(15).

9. The first way a person may qualify as a person entitled to enforce is to be its "holder". UCC § 1-201(b) (21) (A), this requires that the person be in possession of the note and either the note is payable to that person or (ii) the note is payable to bearer. This requires a full examination of the note and any subsequent endorsements.

10. The second way that a person may be a person entitled to enforce is to be a "nonholder in possession of the note who has the rights of a holder." A nonholder may have the

-2-

rights of a holder if the delivery of the note to that person constitutes a "transfer" as defined in Article 3 of the UCC because transfer of a note "vests in the transferee any right of the transfer or to enforce the instrument." ORC 1303.22 UCC 3-203(b). If a payee delivers the note to an assignee without indorsing it, the assignee will NOT BE a holder because the note is still payable to the payee. The person in possession of the original note must also demonstrate the purpose of the delivery of the note in order to qualify as the person entitled to enforce.

## CONCLUSION

The Debtor, Whole Sailing LLC has objected to the motion for relief filed by Mellon Bank on the basis that Mellon Bank is not the holder or owner of the original note and therefore lacks standing to assert the claim for relief.

WHEREFORE, Debtor prays that this Court issue an Oder to permit the Debtor's appointed examiner to inspect, test, or sample the original promissory note of Mellon Bank to determine if it is in fact the original and for such other relief the Court finds appropriate.

<div style="margin-left:50%;">

*/s/ Dennis J. Kaselak*
Dennis J. Kaselak, Esq. (#0029133) Of Counsel
Petersen & Ibold
401 South Street
Chardon, Ohio
Telephone: 440-285-3511
Facsimile: 440-285-3363
E-mail: dkaselak@peteribold.com
Attorney for the Debtor Whole Sailing LLC

</div>

-3-

## CERTIFICATE OF SERVICE

A copy of the foregoing ***Debtor's Motion for an Order to Allow a Document Examiner to Examine the Original Documents in the Possession of Bank of New York Mellon Trust Company, National Association fka the Bank of New York Trust Company, N.A. as Successor to JPMorgan Chase Bank N.A. as Trustee for Ramp 2003RS5*** has been served on all parties listed on the Service List below on this 19th day of October, 2017:

*via Court Electronic System:*

Alison L. Archer on behalf of Creditor Ohio Department of Taxation
alison.archer@ohioattorneygeneral.gov,
Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov

Edward J. Boll, III on behalf of Creditor The Bank of New York Mellon
nohbk@lsrlaw.com

Derrick Rippy ust11
derrick.v.rippy@usdoj.gov

*and by regular U.S. Mail:*

Nicole R. Randall, Esq.
150 East Gay Street, 21st Floor
Columbus, Ohio 43215

Rick L. Brunner, Esq.
Patrick Quinn, Esq.
35 North Fourth Street, Suite 200
Columbus, Ohio 43215

Lori White Laisure, Esq.
Carl B. Stokes US Courthouse
801 W. Superior Avenue, Suite 400
Cleveland, Ohio 44113

Brown Bark II, LLP
c/o National Corporate Research Ltd
Statutory Agent
4568 Mayfield Road, Suite 204
Cleveland, Ohio 44121

Wells Fargo Bank NA
c/o CSC- Lawyers Incorporation Service
Statutory Agent
50 West Broad Street, Suite 1800
Columbus, Ohio 43215

Mortgage Electronic Registration Systems Inc.
1901 East Voorhees
Street Suite C
Danville, IL61834

US Bancorp Leasing & NKA
Bankcorp Equipment Finance Inc.
7755 SW Nyberg Street
Tualatin, OR 97062

-4-

Pradist Satayathum
16131 Lake Avenue
Lakewood, Ohio 44007

Rick D. Delblasis, Esq.
120 East Fourth Street, Suite 800
Cincinnati, Ohio 45202


*/s/ Dennis J. Kaselak*
Dennis J. Kaselak, Esq. (#0029133) Of Counsel
Attorney for the Debtor Whole Sailing LLC


F:\DKASELAK\Bankruptcy\Whole Sailing LLC\BK Case # 17-13032\Pleadings\Motion to Examine Documents\2017.10.19 Motion to Examine Documents.wpd