GEF:car
12/7/17

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re:                                )
    WHOLE SAILING LLC      )     CASE NO. 17-13032
                                      )
                                      )     CHAPTER 11
    Debtor                 )
                                      )     JUDGE PRICE SMITH

## DEBTOR'S BRIEF ON STANDING AND COLLATERAL ESTOPPEL ISSUES

### INTRODUCTION

Debtor has raised the issue of standing and in its opposition the debtor's request for a document examiner, Creditor, The Bank of New York Mellon Trust Company, National Association, has suggested that Debtor may not raise standing issues under theories of collateral estoppel, res judicata, or the Rooker – Feldman Doctrine. Debtor suggests that the issue of standing is properly before the Court based on the Court's own duty to examine its jurisdiction, and further suggests that because of the circumstances of the cases between the Debtor or Debtor's principal in the State Court, Debtor is not precluded from raising the issue.

### STANDING AND JURISDICTION

Bank of New York Mellon suggests that because State Courts in Ohio found that it had standing, under the Rooker – Feldman Doctrine standing may not be challenged. However, from Debtor's perspective, that analysis misses the point. It is a well-established principal of law that jurisdiction may be challenged at any time, even at the level of the Supreme Court of the United States. See Wyatt, infra. Jurisdictional arguments may not be waived and, as will be set forth

below, Bank of New York Mellon relies on waiver arguments in the Ohio Courts to establish its claim for res judicata or collateral estoppel.

## STANDING / JURISDICTION

Because standing and jurisdiction are interrelated, this Court must consider the issue of standing. In order for this Court to proceed to determine the Motion for Relief From Stay filed by Bank of New York Mellon, Bank of New York Mellon must have standing. It is that standing that Debtor wishes to challenge. The Court in In Re Wyatt, Wyatt vs. Nowlin 338BR76 (BKYWDMO.2006) explained

> " In their post-trial brief, Defendants argue that Plaintiff lacks standing to bring the claim and that, as a result, the Court lacks subject matter jurisdiction. Defendant is correct that the Eighth Circuit has held that if a Plaintiff lacks standing to assert a claim, the Court lacks subject matter jurisdiction over the claim, because there is no case or controversy, one of the principal constitutional requirements for the Court's jurisdiction (Republican Party of Minnesota vs. Klobuchar, 381 F3rd 785 (8th Circuit 2004) et al. Since the absence of standing implicates subject matter jurisdiction and the absence of subject matter jurisdiction may be raised at any time, Defendant's contention that Plaintiff lacks standing is not waived by reason of their not having asserted the defense in their answer and it must, therefore, be addressed by the Court." At p. 78.

Judge Kendig of this Court, has addressed the jurisdiction issue in an opinion not intended for publication entitled Pidcock vs. Laurence vs. Goddard ADV14-6016 (Bky., N.D. Ohio, 2014 [10/17 opinion]). In that case, Judge Kendig explained that even though Defendants consent to the jurisdiction of the court, nevertheless, the Court has a duty to review its exercise of subject matter jurisdiction (at page 2). Standing must exist in order for a Court to determine whether a case or controversy exists in order to invoke federal jurisdiction Cohn v. Brown 161 Fed APP'X 450,454 (6th Circuit 2005). Since standing is a basis for jurisdiction, it is a paramount inquiry (Cohn at 454). In Harman vs. Devilla, another unpublished opinion from the 6th Circuit Bap, 326 BR 901 (6th Circuit BAP 2005), the Bankruptcy Appellate Panel of the 6th

Circuit cited approvingly <u>Board of County Commissioners vs. WHI, Inc.</u> 992 F2nd 1061 (10th Circuit 1993), which stated that standing is a threshold issue which must be resolved before Federal Court exercises jurisdiction and thus standing may be raised at any time. Even if standing is not raised by the parties, the Court may consider it sua sponte and determine that lack of standing is a bar to relief (<u>Harman</u> page 3). By the very nature of this matter, Federal Court jurisdiction needs to be invoked in order for the Bankruptcy Court to proceed. <u>Rooker - Feldman</u> is irrelevant to this analysis because a Federal Court must determine its own jurisdiction. Whether the State Court determined its own jurisdiction has no bearing on whether the Federal Court has jurisdiction. Therefore, the issues are separate and this Court may proceed to determine its own jurisdiction.

      The overwhelming precedent leads to the conclusion that jurisdictional arguments may not be waived. Although not set forth in Bank of New York Mellon's response, the decision of the Cuyahoga County Court of Common Pleas and the Eighth District Court of Appeals cited in that response was that Debtor and Debtor's principal in that case, had not properly raised the issue of standing and had therefore waived it. See Court of Appeals decision at para. 27. However, to the extent standing is jurisdictional it cannot be waived. The Ohio Court's reliance on <u>Bank of America, N.A. v. Kuchta,</u> 141 Ohio St.3d 75, 21 N.E.3d 1040, 2014-Ohio-4275 (2014) is misplaced. <u>Kuchta</u> was a 60(B) case and the dissent is instructive. Therefore, the <u>Rooker - Feldman</u> argument does not pass muster and in fact the Court should consider the issue of standing to determine its own jurisdiction.

### **RES JUDICATA/COLLATERAL ESTOPPEL**

      Movant suggests that the issue of standing has already been resolved by the Court of Appeals of Ohio and that therefore *res judicata* applies. It is important to note that the federal

bankruptcy court analysis of *res judicata* is not the same in bankruptcy proceedings as it is in state court. As the court in Pidcock v. Laurence, supra, stated:

"[b]ecause a bankruptcy case is fundamentally different from the typical civil action, comparison of a bankruptcy proceeding with another proceeding is not susceptible to the standard *res judicata* analysis. Rather, the court must scrutinize the totality of the circumstances in each action and then determine whether there is identity of the causes of action." *HSBC Bank USA, N.A. v. Adelphia Commc'ns Corp.*, 2009 WL 385474, * 12 (W.D.N.Y. 2009) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 n. 5 (3rd Cir. 1988)). At p.7 of the opinion.

Therefore, movant's somewhat automatic argument of *res judicata* must fail. An analysis of the totality of the circumstances results in the conclusion that movant's argument is really one of collateral estoppel or issue preclusion. After all, movant's argument is that Debtor should be precluded from raising the standing issue because of a decision of the Ohio Court of Appeals. The Sixth Circuit has defined the elements of collateral estoppel or issue preclusion as follows: "

"This court has held that the four requisites for issue preclusion are: 1) the issue precluded must be the same one involved in the prior proceeding; 2) the issue must actually have been litigated in the prior proceeding; 3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; and 4) the prior forum must have provided the party against whom estoppel is asserted a full and fair opportunity to litigate the issue." N.L.R.B. v. Master Slack and/or Master Trousers Corp., **7**73 F.2d 77, 81 (6th Cir.1985 At 259)

Because the standing issue was decided by the Ohio Court of Appeals based on waiver, the issue was not actually litigated and therefore issue preclusion does not apply. This was

explained by the 10th circuit in the case of In re Zwanziger 741 F.3d 74 (10th Cir. 2014), as follows:

> "But a waiver finding in one case is not the type of finding entitled to issue preclusion in another case. *See* 18A Charles Alan Wright et al., Fed. Prac. & Proc. Juris. § 4443 (2d ed., 2002 & Supp. Apr. 2013) (" [I]ssue preclusion is inappropriate [ ] because ... pleading maneuvers in one suit should not carry such consequences in other suits."); *see also Borges Colon v. Roman-Abreu,* 438 F.3d 1, 19 (1st Cir.2006) (" Where there has been no hearing, and therefore no findings, there can be no issue preclusion."). Rather, waiver as a general matter is a procedural determination that governs only the case in which it is made— not another case— except in the rare instance when waiver is imposed as a sanction intended to preclude future litigation of that substantive issue. *See, e.g., In re Corey,* 583 F.3d at 1252 (applying issue preclusion based on a prior court's sanction because "applying preclusion doctrine here is likely to discourage obstructive and delaying tactics"). And here, no one contends that Hamilton and Kus's waiver of emotional damages in the prior appeal was imposed as a sanction. A Sixth Circuit case is instructive. In *Diamond v. Howd,* 288 F.3d 932 (6th Cir.2002), the plaintiff had waived a hearing on probable cause in a prior case. Yet the Sixth Circuit found the plaintiff was not precluded from litigating probable cause in a subsequent case because she never actually litigated whether there was probable cause in the first case. *See id.* at 935-36.[5] This logic applies here: In the prior appeal, Hamilton and Kus litigated whether they had *waived* emotional distress damages by omission in a pretrial order. We decided that they did. *Hamilton,* 302 Fed.Appx. at 797. We did not, however, decide the *merits* of Hamilton and Kus's claim for emotional distress damages. Accordingly, Hamilton, Clark (as the trustee of Hamilton's bankruptcy estate), and Kus are not precluded from litigating the issue of emotional damages in another case under a different pretrial order, as happened here. *See* Aplt. Br., Ex. B (bankruptcy court's own final pretrial order)." At 78

Similarly, in this case, the Ohio Court of Appeals relied on waiver in their case. That case is not this case and under the law as above-cited, the argument must fail and debtor must be permitted to raise the issue of standing.

Respectfully submitted,
/s/ Glenn E. Forbes, Esq.
Glenn E. Forbes, Esq. (#0005513)
**FORBES LAW LLC**
166 Main Street
Painesville, Ohio 44077
Ph: 440-357-6211 Fax: 440-357-1634
bankruptcy@geflaw.net

/s/ Susan M. Gray
Susan M. Gray, Esq. (0062356)
Ohio Savings Building, Suite 210
22255 Center Ridge Road
Rocky River, OH 44116
Tel. 440.331.3949
Fax. 440.331.8160
smgray@smgraylaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was electronically transmitted on December 8, 2017 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list:

Glenn E. Forbes Esq., on behalf of Whole Sailing LLC at bankruptcy@geflaw.net
Susan M. Gray, Esq., on behalf of Whole Sailing LLC at ecf@smgraylaw.com
Edward J. Boll III, Esq. on behalf of Bank of New York at nohbk@lsrlaw.com
Office of the U.S. Trustee (Registered address)@usdoj.gov

and by regular U.S. mail, postage prepaid, to:

Nicole R. Randall, Esq.
150 East Gay Street, 21st Floor
Columbus, Ohio 43215

Rick L. Brunner, Esq.
Patrick Quinn, Esq.
35 North Fourth Street, Suite 200
Columbus, Ohio 43215

Lori White Laisure, Esq.
Carl B. Stokes U.S. Courthouse
801 W. Superior Avenue, Suite 400
Cleveland, Ohio· 44113

Brown Bark II, LP
c/o National Corporate Research, Ltd., Statutory Agent
4568 Mayfield Road, Suite 204
Cleveland, OH 44121

Wells Fargo Bank, N.A.
clo Csc-Lawyers Incorporating Service
(Corporation Service Company),

Statutory Agent
50 West Broad Street, Suite 1800
Columbus, OH 43215

Mortgage Electronic Registration Systems, Inc. as nominee for Aegis Mortgage Corporation
1901 E Voorhees Street, Suite C
Danville, IL 61834

U.S. Bancorp Leasing & nka Bankcorp Equipment Finance, Inc.
7659 Southwest Mohawk Street
Tualatin, OR 97062

Pradist Satayathum
17315 Fries Avenue
Lakewood, OH 44107

/s/ Glenn E. Forbes, Esq.
Glenn E. Forbes, Esq. (#0005513)